IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 19-CV-891

MAXINE PATRICIA BROWN PIPPEN
and  MICHAEL J. PIPPEN,

        Plaintiffs,

    v.

ANTIONETTE NICOLE BROWN
SLAUGHTER, KATRINA LAVERNE
BROWN HARRISON, EVELYN
DELAINE BROWN JONES, MARCIA
LATANZA BROWN, D. TYLER
NABORS, JAMES R. HARREL,
CRUMLEY ROBERTS, LLC, ROBERT
D. DOUGLAS, III, THE TRUSTEES OF
GUILFORD TECHNICAL
COMMUNITY COLLEGE, BRENNA M.
RAGGHIANTI, and JOHN CRAIG, III,

        Defendants.

**GUILFORD TECHNICAL
COMMUNITY COLLEGE'S
REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(1) and
12(b)(6) AND FOR SANCTIONS**

        Plaintiffs Maxine and Michael Pippin (the "Plaintiffs") filed *pro se* "Plaintiffs' Motions to Dismiss Trustees of Guilford Technical Community College Motion to Dismiss Complaint" (DE 9) in opposition to GTCC's Motion to Dismiss (DE 4).   Filed as a "response" rather than a "motion," the Court should disregard the title of the document and treat it as a response in opposition to GTCC's Motion to Dismiss.  To the extent the filing is treated as an independent motion, it should be denied.

        With respect to the merits of GTCC's Motion to Dismiss, GTCC stands on its prior briefing.  Plaintiffs' argument in opposition is that the Court may not decide GTCC's

Motion to Dismiss because GTCC had not been served when it filed its motion and had not waived services of process when it filed its Motion to Dismiss. GTCC entered an appearance, moved for an extension of time (DE 3), and moved to dismiss the case (DE 4). This court has general personal jurisdiction over GTCC by virtue of its operations in Guilford County, and any theoretical personal jurisdiction defense based on lack of service of process fails because GTCC has sought dismissal of the case for lack of subject matter jurisdiction. The Court "must dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." F.R.C.P. 12(h)(3).

Plaintiffs do not contest any of GTCC's arguments on the merits. Accordingly, GTCC's Motion to Dismiss should be granted for the reasons stated in its Brief in Support of its Motion to Dismiss. (*See* DE 5).

This the 10th day of December, 2019.

Respectfully submitted,

/s/ *Neale T. Johnson*
Neale T. Johnson (NC Bar No. 25590)
ntjohnson@foxrothschild.com

/s/ *Zachary T. Dawson*
Zachary T. Dawson (NC Bar No. 50268)
zdawson@foxrothschild.com

FOX ROTHSCHILD LLP
300 North Greene Street, Suite 1400
Greensboro, NC 27401
PO Box 21927 (27420)
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

*Attorneys for the Trustees of Guilford Technical Community College*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on this the 10th day of December, 2019, a true and correct copy of the foregoing document was served by the Court's electronic distribution system, and was served on the parties listed below by U.S. Mail, first-class, postage prepaid:

Michael J. Pippen
Maxine Patricia Brown Pippin
1907 Gracewood Drive
Greensboro, NC 27408

   This the 10th day of December, 2019.

        /s/ *Zachary T. Dawson*
        Zachary T. Dawson (NC Bar No. 50268)
        zdawson@foxrothschild.com

        FOX ROTHSCHILD LLP
        300 North Greene Street, Suite 1400
        Greensboro, NC  27401
        PO Box 21927 (27420)
        Telephone:  (336) 378-5200
        Facsimile:  (336) 378-5400

        *Attorneys for the Trustees of Guilford Technical Community College*